

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 16, 1959

Mr. E. B. Camiade
Chief Accountant
Texas State Parks Board
Austin, Texas

Dear Mr. Camiade:

Opinion No. WW-758

Re: Authority of the State
Parks Board to withdraw
shares of stock from
the Varner-Hogg State
Park Trust Account No.
941 for the purpose of
sale or trade.

Your request for an opinion reads as follows:

"Enclosed is a photocopy of a letter dated
December 19, 1958 from Alice N. Hanszen to the
State Parks Board concerning the gift of a
stock certificate evidencing 1,425 shares of
Fifteen Oil Company Stock.

"Based on Attorney General Opinion number
WW-122 the State Parks Board accepted said
stock. The stock was deposited with the State
Treasury in Varner-Hogg State Park Trust
Account number 941, an account that was created
for another stock donation (the stock donation
referred to in said opinion number WW-122).
The reason for using the same Trust Account was
because of the similarity of the use for which
the two separate donations were made--operation
and maintenance of Varner-Hogg State Park.

"However, the donors are different parties
and the letter covering the gift of the Fifteen
Oil Company Stock provides for the use of the
proceeds from the sale of said shares as well
as any income realized therefrom.

"Your opinion is respectfully requested on
the following questions:

"1. Does the State Parks Board have the
authority to withdraw said 1,425
shares from said Varner-Hogg State
Park Trust Account number 941 for the

purpose of sale and then redeposit
with the State Treasury the funds ac-
quired from the sale thereof;

"2.  Does the State Parks Board have the
authority to withdraw said 1,425
shares from said Varner-Hogg State
Park Trust Account number 941 for the
purpose of trade or exchange for other
stock and then redeposit  with the
State Treasury the stock acquired
under the trade transaction?"

Opinion No. WW-122, referred to in your letter,
concluded that the State Parks Board has implied power to
accept gifts of personal property for the purpose of main-
taining a system of public parks.

The donor's transmittal letter accompanying this
gift of stock contained the following language:

"It is my intention and desire in making
this gift of the shares evidenced by said cer-
tificate, that you use the proceeds from the
sale of said shares, as well as any income
realized therefrom, for current expenses and
costs incurred in the operation, maintenance
and upkeep of what has formerly been known as
the Varner Plantation House and the premises on
which the same is situated and which is now
known as the Varner-Hogg State Park, near the
Town of West Columbia, in Brazoria County, Texas."

The Parks Board here occupies the position of a
trustee, and as such is subject to rules of law governing
trustees generally.

The quoted portion of the settlor's letter shows
that a sale of these shares by the Board was contemplated
with approval.  This language is sufficient authorization
for the sale of the donated shares by the trustee; there-
fore your first question is answered "yes."

However, it does not follow that the Board also has
the power to trade or exchange the stock for other securi-
ties.  The rule is that "A mere exchange of property is not
a valid exercise of the power to sell. . . ."  (Corpus Juris
Secundum, Vol. 84, Sec. 288 (f), p. 432.)  Again, "A trustee
has no power to invest trust funds unless such power has

been expressly or impliedly conferred on him; and power to reinvest will not be inferred merely from a power to sell." (Tex.Jur., Vol. 42, Sec. 98, p. 713)

A trustee's investment power must depend solely upon the settlor's intentions, as determinable from the trust instrument. (C.J.S., Vol. 84, Sec. 325, p. 521.) The instrument here involved is silent as to any power other than the power to sell. The terms of the trust instrument do not empower the State Parks Board to reinvest proceeds from the sale of the stock in question. Furthermore, without specific statutory authority the Board has no general authority to invest its funds. (See A.G. Opinion No. WW-725, November 16, 1959.) We therefore answer your second question "no."

### SUMMARY

The State Parks Board has the authority to withdraw 1,425 shares of donated stock from the Varner-Hogg State Park Trust Account No. 941 and sell the shares, redepositing the proceeds from such sale in that account. The Board does not have the authority to trade or exchange these shares for other stock.

Very truly yours,

WILL WILSON
Attorney General

By _James R. Irion_
James R. Irion
Assistant

JRI:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

J. Arthur Sandlin
L. P. Lollar
Phocion S. Park, III
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL

By: Leonard Passmore